# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

THUNDERSHIRT LLC,                    )
                                     )
                    Plaintiff,       )    Case No. 15-cv-339 (JLW)
                                     )
        v.                           )
                                     )    **JURY TRIAL DEMANDED**
BH PET GEAR LLC,                     )
                                     )
                    Defendant.       )
_____    )

## DEFENDANT BH PET GEAR LLC's ANSWER AND COUNTERCLAIMS

Defendant BH Pet Gear LLC ("BH Pet Gear"), by and through its undersigned

counsel, hereby submits this Answer and Counterclaims to the Complaint filed by

Plaintiff Thundershirt, LLC ("Thundershirt") on April 24, 2015 (Docket No. 1).

1.      BH Pet Gear is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraph 1.

2.      BH Pet Gear admits that it is a limited liability company formed under the

laws of the State of New York, with a place of business in Brooklyn, New York.

3.      BH Pet Gear admits that this is an action for federal patent infringement

pursuant to 35 U.S.C. §1 *et seq*., trade dress infringement under 15 U.S.C. §1125, and

unfair and deceptive trade practices under N.C.G.S. §75 *et seq*. and admits that this Court

has subject matter jurisdiction under 28 U.S.C. §1121, 28 U.S.C. §§ 1331, 1338(a), and

1367, but denies that venue has been properly laid in this district pursuant to 28 U.S.C. §§1391 and 1400(b).

4.      BH Pet Gear denies the allegations set forth in paragraph 4.

## FACTUAL BACKGROUND

5.      BH Pet Gear is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      BH Pet Gear is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.      BH Pet Gear denies the allegations set forth in paragraph 7.

8.       BH Pet Gear denies the allegations set forth in paragraph 8.

9.      BH Pet Gear is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.       BH Pet Gear is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10,

11.      BH Pet Gear denies the allegations set forth in paragraph 11.

12.      BH Pet Gear denies the allegations set forth in paragraph 12.

13.      BH Pet Gear admits that Exhibit A purports to be a copy of Unites States Patent No. 8,459,211, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13.

14.      BH Pet Gear admits the allegations set forth in paragraph 14.

15.      BH Pet Gear denies the allegations set forth in paragraph 15.

16.     BH Pet Gear denies the allegations set forth in paragraph 16.

17.     BH Pet Gear denies the allegations set forth in paragraph 17.

## CLAIM I

## INFRINGEMENT OF U.S. PATENT NO. 8,459,211

18.     BH Pet Gear incorporates paragraphs 1-17 above as if set forth fully herein.

19.     BH Pet Gear is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     BH Pet Gear denies the allegations set forth in paragraph 20.

21.     BH Pet Gear is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.     BH Pet Gear denies the allegations set forth in paragraph 22.

23.     BH Pet Gear denies the allegations set forth in paragraph 23.

24.     BH Pet Gear denies the allegations set forth in paragraph 24.

25.     BH Pet Gear denies the allegations set forth in paragraph 25.

26.     BH Pet Gear denies the allegations set forth in paragraph 26.

27.     BH Pet Gear denies the allegations set forth in paragraph 27.

28.     BH Pet Gear denies the allegations set forth in paragraph 28.

## COUNT II

## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125

29.     BH Pet Gear incorporates paragraphs 1-28 above as if set forth fully herein.

30.     BH Pet Gear denies the allegations set forth in paragraph 30.

3

31.    BH Pet Gear denies the allegations set forth in paragraph 31.

32.    BH Pet Gear denies the allegations set forth in paragraph 32.

33.    BH Pet Gear denies the allegations set forth in paragraph 33.

34.    BH Pet Gear denies the allegations set forth in paragraph 34.

35.    BH Pet Gear denies the allegations set forth in paragraph 35.

36.    BH Pet Gear denies the allegations set forth in paragraph 36.

## COUNT III

## UNFAIR AND DECEPTIVE TRADE PRACTICES
## UNDER N.C.G.S. § 75 et seq.

37.    BH Pet Gear incorporates paragraphs 1-36 above as if set forth fully herein.

38.    BH Pet Gear denies the allegations set forth in paragraph 38.

39.    BH Pet Gear denies the allegations set forth in paragraph 39.

40.    BH Pet Gear denies the allegations set forth in paragraph 40.

## PRAYER FOR RELIEF

BH Pet Gear denies that Thundershirt is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

BH Pet Gear asserts the following affirmative defenses ("Affirmative Defenses") without assuming any burden of proof that rightfully should be placed on Thundershirt.

4

### FIRST AFFIRMATIVE DEFENSE

Thundershirt's Complaint fails to state facts sufficient to state a cause of action and fails to state any claim against BH Pet Gear upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

BH Pet Gear has not infringed and does not infringe, directly, contributively, or by inducement, any valid and enforceable claim of the asserted patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

One or more claims of the asserted patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE

Thundershirt's trade dress claims are unenforceable against BH Pet Gear because Thundershirt's trade dress is not distinctive, and BH Pet Gear's products do not infringe any protectable trade dress.

### FIFTH AFFIRMATIVE DEFENSE

Thundershirt's claims against BH Pet Gear for recovery are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Thundershirt's claims against BH Pet Gear for recovery are barred, in whole or in part, by the doctrine of unclean hands.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT AND INFRINGEMENT OF BH PET GEAR'S TRADEMARK RIGHTS

BH Pet Gear for its Counterclaims alleges as follows and hereby demands a jury trial on all issues so triable:

## PARTIES

1.      BH Pet Gear, LLC, is a limited liability company formed under the laws of the State of New York, having a place of business at 140 58th Street, Suite #7F, Brooklyn, New York 11220.

2.      According to its Complaint, Thundershirt is a limited liability company formed under the laws of the State of Delaware, having a place of business at 905 Jackie Robinson Drive, Durham, North Carolina 27701.

## JURISDICTION AND VENUE

3.      The Court has personal jurisdiction over Thundershirt by virtue of Thundershirt's filing of its Complaint.

4.      To the extent that this action remains in this District, venue is appropriate for BH Pet Gear's counterclaims because Thundershirt has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

6

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '211 PATENT.

5.    BH Pet Gear incorporates and realleges paragraphs 1-40, each of its Affirmative Defenses, and paragraphs 1-4 of its Counterclaims.

6.    By its Complaint, Thundershirt alleges that BH Pet Gear has infringed the '211 patent, and that as the owner of the '211 Patent, it is entitled to relief for BH Pet Gear's alleged infringement of the '211 Patent. BH Pet Gear has denied these allegations and contends that it does not infringe the '211 patent or any valid and enforceable claims thereof. A justiciable controversy therefore exists between Thundershirt and BH Pet Gear. Because this counterclaim arises under Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq.*

7.    By this Counterclaim, BH Pet Gear seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a) that it does not infringe the '211 patent or any valid and enforceable claims thereof.

8.    A judicial declaration is necessary and appropriate at this time in order that BH Pet Gear may ascertain its rights and duties with respect to the '211 patent.

## COUNT TWO
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '211 PATENT

9.    BH Pet Gear incorporates and realleges paragraphs 1-40 of its Answer, each of its Affirmative Defenses, and paragraphs 1-8 of its Counterclaims.

7

10.     By its Complaint, Thundershirt alleges that the '211 patent was duly and lawfully issued. BH Pet Gear denies these allegations and contends that the '211 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. A justiciable controversy therefore exists between Thundershirt and BH Pet Gear. Because this counterclaim arises under Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 2201 *et seq*.

11.     By this Counterclaim, BH Pet Gear seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a) that the '211 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

12.     A judicial declaration is necessary and appropriate at this time in order that BH Pet Gear may ascertain its rights and duties with respect to the '211 patent.

## COUNT THREE
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF TRADE DRESS

13.     BH Pet Gear incorporates and realleges paragraphs 1-40 of its Answer, each of its Affirmative Defenses, and paragraphs 1-12 of its Counterclaims.

14.     By its Complaint, Thundershirt alleges that it owns common law rights in its Thundershirt Trade Dress. BH Pet Gear denies these allegations, and contends that Thundershirt's alleged common law trade dress rights for the gray color used on the fabric for its product lacks the requisite legal requirements to be protectable and enforceable.

8

15.     By this Counterclaim, BH Pet Gear seeks a declaratory judgment pursuant to 15 U.S.C. § 1125(a) that Thundershirt's trade dress is not protectable and enforceable against BH Pet Gear.

16.     By this Counterclaim, BH Pet Gear further seeks a declaratory judgment that it does not infringe Thundershirt's trade dress, to the extent that Thundershirt has any valid trade dress rights.

17.     A judicial declaration is necessary and appropriate at this time in order that BH Pet Gear may ascertain its rights and duties with respect to the Thundershirt trade dress.

## COUNT FOUR
## TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT UNDER 15 U.S.C. § 1125

18.     BH Pet Gear incorporates and realleges paragraphs 1-40 of its Answer, each of its Affirmative defenses, and paragraphs 1-16 of its Counterclaims.

19.     BH Pet Gear has common law rights to the "Calming Coat" mark. Upon information and belief, Thundershirt has illegally registered the www.calmingcoat.com domain name to lure unsuspecting customers searching for BH Pet Gear's products to its www.thundershirt.com domain name. Thus, pursuant to 15 U.S.C. §1125(a), the use by Thundershirt of the www.calmingcoat.com domain name constitutes trademark infringement and unfair competition.

20.     BH Pet Gear is informed and believes and herein alleges that Thundershirt's motivation in transferring consumers from the www.calmingcoat.com

9

domain name to the www.thundershirt.com domain name is to unfairly divert customers who have an interest in the "Calming Coat" brand products to Thundershirt's website.

21.    Therefore, BH Pet Gear is entitled to a declaration that Thundershirt's use of the www.calmingcoat.com domain name constitutes trademark infringement and unfair competition, and BH Pet Gear is entitled to all allowable remedies available under 15 U.S.C. §1117.

22.    BH Pet Gear seeks a permanent injunction against Thundershirt to enjoin its use of the www.calmingcoat.com domain, and Thundershirt from using the "Calming Coat" trademark.

**COUNT FIVE**
**INJUNCTIVE RELIEF UNDER THE ANTI-CYBERSQUATTING**
**CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(a)**

23.    BH Pet Gear incorporates and realleges paragraphs 1-40 of its Answer, each of its Affirmative Defenses, and paragraphs 1-22 of its Counterclaims.

24.    BH Pet Gear has common law rights to the "Calming Coat" trademark. Upon information and belief, Thundershirt has illegally registered the www.calmingcoat.com domain name, and is using that domain name to lure unsuspecting customers searching for BH Pet Gear's products to its www.thundershirt.com domain name. The use by Thundershirt of the www.calmingcoat.com domain name in order to direct consumers to www.thundershirt.com is unlawful under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

25.     BH Pet Gear is informed and believes and herein alleges that Thundershirt's motivation in transferring consumers from the www.calmingcoat.com domain name to the www.thundershirt.com domain name is to unfairly divert customers who have an interest in the "Calming Coat" brand products and Thundershirt has a bad faith intent to profit from the use of the www.calmingcoat.com domain name.

26.     Therefore, BH Pet Gear is entitled to a declaration that Thundershirt's use of the www.calmingcoat.com domain name constitutes trademark infringement, that it is unlawful under the Anti-Cybersquatting Consumer Protection Act, and that it is entitled to an injunction preventing Thundershirt's use of the www.calmingcoat.com domain name and such other injunctive relief as may be appropriate. Upon information and belief, the irreparable harm from Thundershirt's trademark infringement and cybersquatting will continue unabated, unless and until enjoined by this Court.

27.     BH Pet Gear has been harmed by Thundershirt's trademark infringement and cybersquatting activities, and is entitled to all allowable remedies available under law including actual damages and profits, or an award of statutory damages, and the forfeiture, cancellation or transfer of the mark to BH Pet Gear.

## COUNT SIX
## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.C.G.S. § 75 *et seq.*

28.     BH Pet Gear incorporates and realleges paragraphs 1-40 of its Answer, each of its Affirmative Defenses, and paragraphs 1-27 of its Counterclaims.

11

29.     Thundershirts's acts as alleged in Counts Four and Five herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive and unscrupulous.

30.     Thundershirt's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of North Carolina General Statutes §75-1.1 and North Carolina common law.

31.     BH Pet Gear, and the consumers of North Carolina, have been damaged by Thundershirts's conduct and BH Pet Gear is entitled to monetary and injunctive relief pursuant to North Carolina General Statutes § 75 *et seq*. and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to BH Pet Gear by Thundershirt's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Plaintiff, attorneys' fees and costs pursuant to North Carolina General Statutes § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. §75-16, together with any and all amounts to be shown at trial.

## PRAYER FOR RELIEF

Wherefore, BH Pet Gear respectfully requests the following relief:

32.     That Thundershirt's Complaint be dismissed with prejudice, and that Thundershirt take nothing by way of its Complaint;

33.     Declaratory Judgment that BH Pet Gear has not infringed any valid and enforceable claim of the asserted patent under any subsection of 35 U.S.C. §271;

34.     Declaratory Judgment that the claims of the asserted patent are invalid;

35.    Declaratory Judgment of non-infringement of the alleged Thundershirt Trade Dress;

36.    Entry of judgment that Thundershirt's use of BH Pet Gear trademarks constitutes trademark infringement and cybersquatting, and that BH Pet Gear is entitled to injunctive relief and money damages as a result of Thundershirt's conduct;

37.    That BH Pet Gear be awarded a monetary award to account for Plaintiff's activities in violations of N.C. Gen. Stat. § 75-1.1 pursuant to N.C. Gen. Stat. 75-16, and treble damages to the extent permitted under N.C. Gen. Stat. §§ 75-16 and 75-16.1.

38.    That BH Pet Gear be awarded its costs and disbursements in this action;

39.    That this case be declared as exceptional pursuant to 35 U.S.C. § 285 and that BH Pet Gear be awarded its reasonable attorneys' fees and costs in this action; and

40.    That BH Pet Gear be granted such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with FED. R. CIV. P. 38(b), BH Pet Gear demands a trial by jury on all issues so triable.

Dated:  February 8, 2016                    Respectfully submitted,

<u>/s/ James L. Lester</u>
James L. Lester (NC Bar No. 15715)
MACCORD MASON PLLC
Wells Fargo Tower
300 N. Greene Street, Suite 1600
Greensboro, NC 27401
(336) 273-4422

Fax: (336) 271-2830
Email: jlester@maccordmason.com

OF COUNSEL

KROUB, SILBERSHER & KOLMYKOV PLLC

By:    /s/ Gaston Kroub_____
       Gaston Kroub
       gkroub@kskiplaw.com
       Zoe Axelrod Cates
       zaxelrodcates@kskiplaw.com
       305 Broadway, 7th Floor
       New York, NY 10007
       Telephone No.:  (212) 323-7442
       *ATTORNEYS FOR DEFENDANT BH PET GEAR, LLC.*

**CERTIFICATE OF SERVICE**

       I hereby certify that I electronically filed the foregoing on February 8, 2016 using the CM/ECF system, and that the Clerk of Court will send notification of such filing to counsel for Plaintiff.

       /s/ James L. Lester_____
       James L. Lester